THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| LEVI ARTHUR FEDD, | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:17-cv-70-CAR-TQL |
| v. | : | |
| | : | |
| HOMER BRYSON, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON THE ORDER AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Currently before the Court is the Order and Recommendation of the United States Magistrate Judge [Doc. 16] to allow Plaintiff's deliberate indifference claims against all Defendants to proceed for further factual development, and to dismiss without prejudice all of Plaintiff's other claims pursuant to 28 U.S.C. §§1915A(a) and 1915(e). Plaintiff has filed an Objection to the Recommendation wherein he largely restates his claims and contentions that have been thoroughly and completely addressed in the Recommendation.

This Court has fully considered the record in this case and investigated *de novo* those portions of the Recommendation to which Petitioner objects. For the reasons that follow, the Order and Recommendation [Doc. 16] is hereby **ADOPTED IN PART** and **REJECTED IN PART**. The Order and Recommendation is **ADOPTED** as to dismissing

Plaintiff's conditions of confinement, equal protection, access to courts, and retaliation claims, and allowing his deliberate indifference to medical needs claims proceed for further factual development. Thus, Plaintiff's conditions of confinement, equal protection, access to courts, and retaliation claims are **DISMISSED**; and his deliberate indifference to medical needs claims may **go forward**. The Order and Recommendation, however, is **NOT ADOPTED** as to the recommendation to dismiss Plaintiff's procedural due process claims. As explained below, Plaintiff has stated a claim for violation of procedural due process and thus that claim should go forward.

The Recommendation recommends dismissing Plaintiff's due process claim[1] as Plaintiff "has not alleged how long he was confined to the administrative segregation unit; nor has he alleged any facts that would show the conditions in administrative segregation were particularly harsh," as required by case law in order to make out a due process claim.[2] However, in Plaintiff's Recast Complaint he alleges he "was [kept] in lockdown over 9 to 10 month[s],"[3] that he was "in lockdown 24 hours [with] no outside at no time,"[4] that "all [Defendants] left Plaintiff in lockdown with no outside 24 hours a day,"[5] and that he was "refuse[d] health care on and about 11 to 12 month[s]

---

[1] The Recommendation suggests Plaintiff's allegation in his Recast Complaint that he was "placed in administrative segregation for no cause," might be Plaintiff attempting to allege a violation of due process claim. Pl.'s Recast Complaint, [Doc. 15] at p. 10.
[2] Order and Recommendation, [Doc. 16] at p. 8.
[3] Pl.'s Recast Complaint, [Doc. 15] at p. 6.
[4] *Id.* at 7.
[5] *Id.* at 14.

suffering in lockdown."[6] Additionally, in Plaintiff's Objection to the Recommendation, Plaintiff alleges "all Defendant[s] refuse[d] health care over [a] year at Wilcox State Prison in lockdown."[7] Also in his Objection, Plaintiff alleges he had to be medicated due to "injury from Wilcox State Prison lock down in that small cell for a year."[8]

Construing Plaintiff's allegations liberally, as the Court must at this stage, Plaintiff's claims that he was placed in administrative segregation/lockdown for close to a year with no outside time is sufficient to state a due process violation.[9] Additionally, Plaintiff's lack of specificity in alleging which Defendants are responsible for his placement in administrative segregation does not necessarily preclude Plaintiff's claims from going forward; Plaintiff may not yet know who is responsible. "[I]nstead of dismissing a complaint because it fails to identify certain unnamed defendants, the district court should order their disclosure or permit the plaintiff to obtain their identity through discovery." [10] Accordingly, Plaintiff's procedural due process claims may **go forward**.

For the reasons set forth above, the Order and Recommendation [Doc. 16] is

---

[6] *Id.* at 18.
[7] Pl.'s Objection to the Order and Recommendation, [Doc. 19] at p. 10.
[8] *Id.* at 23.
[9] *Wallace v. Hamrick*, 229 F. App'x 827, 829-31 (11th Cir. 2007) (allowing inmates' claim that his twenty-eight-day stay in administrative segregation, with no hot water, ventilation, or opportunity for exercise, while awaiting a disciplinary hearing violated due process was sufficient to proceed passed frivolity review, despite lack of record of what process inmate was afforded and how this hardship compared to the conditions of his fellow inmates).
[10] *Brown v. Sikes*, 212 F.3d 1205, 1209 n.4 (11th Cir. 2000) (quoting *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir. 1981)).

hereby **ADOPTED IN PART and REJECTED IN PART**. The Order and Recommendation is **ADOPTED** as to dismissing Plaintiff's conditions of confinement, equal protection, access to courts, and retaliation claims, and allowing his deliberate indifference to medical needs claims proceed for further factual development. Thus, Plaintiff's conditions of confinement, equal protection, access to courts, and retaliation claims are **DISMISSED**; and his deliberate indifference to medical needs claims may **go forward**. The Order and Recommendation, however, is **NOT ADOPTED** as to dismissing Plaintiff's procedural due process claims. Accordingly, Plaintiff's due procedural process claims may **go forward**.

**SO ORDERED**, this 14th day of March, 2018.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
